13-2419 (WJM)

RECEIVED
APR 16 2013
AT 8:30_____M
WILLIAM T. WALSH, CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

| | | |
|---|---|---|
| SPLURGE BAKERY AND CAFÉ LLC | x : : | Civil Action No.: |
| Plaintiff, | : : | **COMPLAINT** |
| vs. | : : : | REQUESTING: (A) PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF; |
| SPLURGE CAFÉ LIMITED LIABILITY COMPANY, | : : : | AND (B) MONETARY RELIEF FOR VIOLATION OF: |
| Defendant. | : : : : : : : : : : : : : : : : : : | (1) TRADEMARK INFRINGEMENT OF A REGISTERED MARK UNDER THE LANHAM ACT; (2) MISREPRESENTATION, FALSE DESIGNATION OF ORIGIN, FALSE ADVERTISING, AND UNFAIR COMPETITION UNDER THE LANHAM ACT (3) COMMON LAW FALSE ADVERTISING AND UNFAIR COMPETITION (4) UNFAIR COMPETITION IN VIOLATION OF N.J. Stat. §56:4-1 (5) UNJUST ENRICHMENT (6) TORTIOUS INTERFERENCE |
| | x | (DEMAND FOR JURY TRIAL) |

## INTRODUCTION

1. Plaintiff Splurge Bakery and Café LLC ("Splurge" or "Plaintiff"), by its counsel The Ingber Law Firm, asserts causes of action including trademark infringement, misrepresentation, false designation of origin, false advertising, unfair competition, unjust enrichment, and tortious interference with prospective business advantage against Defendant Splurge Café Limited Liability Company ("Café" or "Defendant"). These causes of action arise from Defendant's engagement in an embryonic business through a course of misrepresentations, unfair business

1

practices, trademark infringement, and other deceptive acts of Defendant by trading on Plaintiff's trademarks, including its registered trademark SPLURGE®, reputation, and goodwill. Defendant has willfully engaged in trademark infringement in a blatant attempt to confuse the consuming public despite being warned of Plaintiff's existence. Most egregiously, Defendant engages in its infringing activity a mere four (4) miles from Plaintiff's storefront, maximizing the potential for consumer confusion. Defendant's intent is to flagrantly misrepresent an affiliation with and pass its services off as Plaintiff's. Plaintiff seeks compensatory damages in an amount not less than $1,000,000 and punitive damages not less than $3,000,000.

2. Through this course of conduct, Defendant has committed numerous violations of New Jersey State and Federal law, including (1) Trademark Infringement of a registered mark under the Lanham Act; (2) misrepresentation, false designation of origin, false advertising, and unfair competition under the Lanham Act; (3) common law false advertising and unfair competition; (4) unfair competition in violation of N.J. Stat. §56:4-1; (5) unjust enrichment; and (6) tortious interference with prospective business advantage.

## PARTIES

3. Plaintiff is a New Jersey Limited Liability Company with its principal place of business located at 105 Main Street, Millburn, New Jersey 07041.

4. Plaintiff is a private retail establishment that sells a variety of baked items such as cakes, cupcakes, brownies, biscotti, and scones, as well as beverages such as coffee, hot and iced tea, ice blended drinks, hot chocolate, and numerous pre-bottled beverages.

5. Plaintiff's retail establishment includes tables and chairs for customers to utilize to consume Plaintiff's products on premises and Plaintiff provides plates, cups with ice cubes, napkins, utensils, etc.

6. On information and belief, Defendant is a New Jersey Limited Liability Company with its principal place of business located at 251 Irvington Avenue, South Orange, New Jersey 07079.

7. On information and belief, Defendant opened its embryonic business in February 2013 and is a cafe establishment selling a variety of food items, including coffees, bottled beverages, and various baked goods. Defendant's store is located approximately four (4) miles from Plaintiff's retail establishment.

## JURISDICTION AND VENUE

8. Jurisdiction is based on 28 U.S.C. § 1331, Plaintiff's claims under 15 U.S.C. §§ 1114 & 1125, and pendant and related State law claims, all arising from Defendant's wrongful and unlawful use of Plaintiff's trademark(s), and over the remaining claims under 28 U.S.C. §§ 1338(b) and 1367(a).

9. Venue is proper within this District based on 28 U.S.C. § 1391(b) and (c) because all parties transact business within this district, and this is the only District in which a substantial part of the events or omissions giving rise to the claims set forth herein occurred.

## FACTS COMMON TO ALL COUNTS

### Plaintiff Splurge Bakery and Café (Splurge)

10. Plaintiff formed its limited liability company with the State of New Jersey in July of 2005, Entity ID 0600242119.

11. Plaintiff began using the trademark SPLURGE® on December 1, 2006 and has grown to become well-known in the bakery and café market throughout New Jersey, particularly Northern New Jersey.

12. Plaintiff has been the subject of numerous articles in the local press, including the Millburn-Short Hills Patch and The Alternative Press.

13. Plaintiff maintains an active online presence, including a website (www.splurgebakery.com), Facebook page (www.facebook.com/SplurgeBakery), Twitter account (www.twitter.com/SplurgeBakery), and Pinterest account (http://pinterest.com/splurgebakery/).

14. Although Plaintiff's formal business name is "Splurge Bakery," customers commonly refer to Plaintiff as simply "Splurge."

15. Plaintiff sells a variety of baked goods, drinks and coffee products, including cakes, cupcakes, brownies, biscotti, cookies, scones, coffee, hot and iced tea, ice blended drinks, hot chocolate, and numerous juices and other pre-bottled beverages under its trademark SPLURGE®.

16. Plaintiff is the exclusive owner of all rights, title, and interest to the following United State trademark (hereinafter the "Splurge® Trademark"):

> a. SPLURGE, U.S. Reg. No. 3,400,757 in International Class 30 for Bakery goods; Brownies; Cakes; Chocolate; Cookies; Reg. Date: March 25, 2008; First Use in Commerce: December 1, 2006.

A copy of the foregoing registration certificate is attached hereto as <u>Exhibit A</u>.

17. The trademark registration set forth above is valid, unrevoked and uncancelled. The registration of this mark constitutes prima facie evidence of its validity and conclusive evidence of the Plaintiff's exclusive right to use the Splurge® Trademark in commerce.

18. The Splurge® Trademark has been in continuous and exclusive use by Plaintiff since its date of first use in commerce, i.e. December 1, 2006.

19. Plaintiff is the sole and exclusive owner of the Splurge® Trademark as used in connection with Bakery goods; Brownies; Cakes; Chocolate; Cookies (collectively "Goods and Services) and of all of the goodwill associated therewith.

20. The registration (the "Registration") of the Splurge® Trademark was duly and lawfully issued, and since its date of grant has been valid and subsisting, in full force and effect, uncancelled and unrevoked.

21. The aforesaid Registration has achieved incontestable status by the United States Patent and Trademark Office (USPTO) as having been exclusively and continuously used by Plaintiff for more than five years and registered for more than five years.

22. On March 25, 2013, Plaintiff filed its Section 15 Declaration of Incontestability with the USPTO.

23. On April 4, 2013, the USPTO acknowledged and approved Plaintiff's Section 15 Declaration of Incontestability of the Splurge® Trademark Registration.
A copy of the Notice of Acceptance is attached hereto as Exhibit B.

24. Plaintiff has promoted its goods and services under the Splurge® Trademark through traditional and non-traditional marketing and sales efforts at considerable expense.

25. Plaintiff has spent a considerable amount of money promoting its business under the Splurge® Trademark. The Splurge® Trademark has become associated with the high quality goods and services provided by Plaintiff and has come to be associated in the minds of consumers as Plaintiff's trademark, i.e. it has taken on a secondary meaning in the minds of consumers.

26. By virtue of its high quality food and service standards and the reputation achieved through such standards, Plaintiff has been able to rise as a leader in its market and carve out a

5

significant niche, particularly in the Northern New Jersey bakery and café business, and throughout New Jersey and the United States. Plaintiff's branded goods and services have enjoyed increasing sales on an annual basis and established a strong and valuable reputation in the industry and with consumers. Plaintiff's success is financially considerable.

27. Market confidence in the integrity and superiority of Plaintiff's brand foods and services is critical to maintaining Plaintiff's goodwill and increasing sales of such goods and services.

**Defendant's Conduct**

28. Upon information and belief, Defendant started its embryonic business sometime in late February or March 2013.

29. Defendant directly competes with Plaintiff by selling and marketing bakery, coffee, and beverage products and café services.

30. Plaintiff first became aware of the existence of Defendant on January 10, 2013, apparently after Defendant's owner put up "Splurge Café" signs during construction of Defendant's storefront. After seeing Defendant's signage, a number of Plaintiff's customers inquired as to whether Plaintiff was opening a second location in South Orange, New Jersey.

31. These customers referred to Defendant as "Splurge."

32. Shortly thereafter, also on January 10, 2013, Plaintiff discovered an online message board for the town of West Orange, New Jersey, wherein users were inquiring as to whether the "new" "Splurge" Café was affiliated with Plaintiff. (http://forum.westorangenj.net/discussion/91865/splurge-on-irvington-ave/p1). Many of these users referred to Defendant as "Splurge," not "Splurge Café." Plaintiff's owner was then forced to join the message board and submit an entry to clarify that the Plaintiff and the Defendant are not related. Therein, Plaintiff also references its customers that questioned Plaintiff as to its "new location."

6

33. The foregoing is clear evidence of consumer confusion as to an affiliation between Plaintiff and Defendant.

34. On or about February 21 and 25, 2013, Julie Winer, Plaintiff's co-owner, spoke to Mitchell Burgess, Defendant's owner, prior to Defendant's opening about the confusion and the need for Defendant to change its name to remedy the confusion. Mrs. Winer explained to Mr. Burgess that Plaintiff had a registered trademark and that it used its name extensively online and throughout the local business and residential community.

35. Defendant opened its location approximately four (4) miles from Plaintiff's location.

36. Mr. Burgess told Mrs. Winer that he had performed "a search" in Essex County and did not discover a "Splurge" being used. He also explained that he had been able to form a limited liability company in New Jersey so he was of the opinion that he had the right to use the name. Thereby, Mr. Burgess refused to cease his infringing use of the Splurge® Trademark.

37. Mr. Burgess also explained that Defendant had no plans to market itself online. However, within days of receiving the Plaintiff's cease and desist letter (para. 41), in contravention of this statement, Defendant created a Facebook page on March 11, 2013, which prominently features a picture of a cake (https://www.facebook.com/pages/Splurge-Cafe/137562036416357?fref=ts).

38. As further justification for its refusal to change its name, Mr. Burgess stated to Mrs. Winer that Defendant spent three hundred dollars ($300.00) on its store awning.

39. Defendant opened for business after the conversation between Mr. Burgess and Mrs. Winer, which occurred on or about February 25, 2013.

40. Upon information and belief, Defendant sells a number of products that directly compete with Plaintiff's goods, including cakes and other baked goods, prepackaged juices and other beverages, and various coffee drinks.

41. On March 4, 2013, shortly before Defendant created the Facebook page referenced in Paragraph 37 *supra*, counsel for Plaintiff sent Defendant a formal cease and desist letter informing Defendant that its use of the Splurge® Trademark was causing consumer confusion and demanding that Defendant immediately cease and desist its infringing use. Unfortunately, the Defendant refused to cease and desist its infringing activity.

42. By utilizing the designation "Splurge Café", Defendant directly incorporates the entire Splurge® Trademark.

## FIRST CLAIM FOR RELIEF
### Infringement of a Registered Trademark Under Section 32(a) of the Lanham Act, 15 U.S.C. § 1114(1)(a) Against Defendant

43. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

44. Defendant's use of the Splurge® Trademark, or any colorable imitation thereof, constitutes trademark infringement pursuant to 15 U.S.C. § 1114.

45. Defendant knowingly and willfully used and continues to use the Splurge® Trademark despite its knowledge of Plaintiff's prior rights thereto.

46. Defendant's use of the Splurge® Trademark has caused and is likely to cause confusion. Plaintiff has received notification of actual confusion from multiple sources regarding Defendant's use of the Splurge® Trademark.

47. Plaintiff has been damaged and will continue to be damaged by Defendant's unauthorized use of the Splurge® Trademark, which injury consists of, without limitation, monetary loss and irreparable injury to Plaintiff's goodwill.

48. Plaintiff is informed and believes, and on that basis alleges, that Defendant's infringement and commercial use of the Splurge® Trademark is ongoing and will continue unless enjoined by this Court.

49. There is no plain, speedy or adequate remedy at law, and unless Defendant is enjoined from any further use the Splurge® Trademark, including the term "Splurge" or any colorable imitation thereof, or any other mark, the use of which is likely to cause confusion, or cause mistake, or to deceive in relation to Plaintiff's Trademarks, Plaintiff will be irreparably harmed.

50. As a direct and foreseeable result of Defendant's conduct, Plaintiff has been injured and has suffered damages in an amount to be determined at trial, but in no event less than $1,000,000, plus punitive damages in the amount of $3,000,000.

## SECOND CLAIM FOR RELIEF
### Misrepresentation, False Designation of Origin, False Advertising, and Unfair Competition Under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) Against Defendant

51. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

52. As a result of Plaintiff's longstanding use of the Splurge® Trademark, and the fact that it is specifically known for its baked goods and café services, the Splurge® Trademark has achieved substantial goodwill, recognition and reputation in the marketplace.

53. Defendant's unauthorized use of the Splurge® Trademark constitutes use in commerce of a word, term, name, symbol, or device or a combination thereof, constituting misrepresentation, false designation of origin, false advertising, and unfair competition that has already and is likely to cause confusion, mistake, or deception as to the affiliation, connection or association of Plaintiff and Defendant, and further is likely to cause confusion, mistake or deception as to the origin, sponsorship or approval by Plaintiff of Defendant's use of the Splurge® Trademark. These acts by the Defendant constitute a violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

54. Defendant knowingly and willfully used and continues to use the Splurge® Trademark, despite its knowledge that Plaintiff owns and thereby controls the lawful use of such Trademark.

55. Defendant has solicited business using the Splurge® Trademark thereby taking unauthorized advantage of Plaintiff's goodwill and trademark rights.

56. Defendant has made material false statements of fact concerning its affiliation, connection with, and sponsorship by Plaintiff.

57. Defendant knew or should have known that its statements concerning affiliation were false and without factual basis, or that the statements were literally true but likely to mislead or confuse consumers.

58. Defendants has also made material false statements of fact concerning Defendant's reference to themselves as "Splurge" since it operates in a field where references to "Splurge" refer to the Plaintiff.

59. Defendant's false statements have actually deceived numerous third parties or have a tendency to deceive a substantial portion of the marketplace.

60. Defendant's deception is material because it causes, or tends to cause the consuming public to wrongfully believe that Defendant is affiliated, connected, or sponsored by Plaintiff when they are not.

61. Plaintiff is, and will continue to be, damaged by Defendant's unauthorized use, which injury consists of, without limitation, monetary loss, irreparable injury and erosion of the distinctiveness and goodwill that adheres in the Splurge® Trademark.

62. By virtue of these acts by the Defendant, Plaintiff has suffered, and will continue to suffer, damages and irreparable harm unless Defendant is preliminarily and permanently enjoined by this Court from using the Splurge® Trademark or any colorable imitation thereof, or any other mark, the use of which is likely to cause confusion, or to cause mistake, or to deceive in relation to the Splurge® Trademark.

63. As a direct and foreseeable result of Defendant's conduct, Plaintiff has been injured and has suffered damages in an amount to be determined at trial, but in no event less than $1,000,000, plus punitive damages in the amount of $3,000,000.

### THIRD CLAIM FOR RELIEF
**Common Law False Advertising and Unfair Competition**

64. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

65. Defendant has made material false statements of fact concerning Defendant's affiliation, connection with, and sponsorship by Plaintiff.

66. Defendant has also made material false statements of fact concerning Defendant's reference to itself as "Splurge" since it operates in a field where references to "Splurge" are recognized as Plaintiff.

67. Defendant knew or should have known that its statements concerning ownership were false and without factual basis, or that the statements were literally true but likely to mislead or confuse consumers.

68. Defendant's false statements have actually deceived numerous third parties or have a tendency to deceive a substantial portion of the marketplace.

69. Defendant's deception is material because it causes, or tends to cause the consuming public to wrongfully believe that Defendant is affiliated, connected, or sponsored by Plaintiff when it is not.

70. Through Defendant's advertising and store signage, Defendant has cause its false statements to enter interstate commerce.

71. Defendant's false advertising violates the common law.

72. Plaintiff has been damaged by Defendant's willful misconduct in an amount according to proof.

## FOURTH CLAIM FOR RELIEF
### Unfair Competition Under N.J. Stat. § 56:4-1

73. Plaintiff incorporates the preceding paragraphs as if fully set forth here.

74. Plaintiff has built up valuable goodwill in its name and logo.

75. Through the above-described acts, Defendant has willfully and knowingly engaged in unfair acts or practices and unfair methods of competition, including the bad faith usage of the Plaintiff's name and goodwill.

76. These continuing practices are anti-competitive, commercially immoral, and unethical and have caused and threaten to cause substantial additional injury to Plaintiff. As a result of such violations, Defendant has gained and will continue to gain unjust profits and undeserved goodwill.

77. Defendant knew that the repetitive and continuous use of Plaintiff's name and Trademark on its products and store signage had misled and will continue to mislead the public into assuming a connection between Plaintiff and Defendant.

78. The acts of Defendant have been and continue to be in bad faith and conscience and in deliberate disregard of Plaintiff's rights.

79. The acts of Defendant have been and continue to be performed with the intention of depriving the Plaintiff of rightful moneys.

80. Plaintiff has suffered and continues to suffer irreparable harm as a result of Defendant's action. Plaintiff will continue to be harmed unless Defendant is enjoined from engaging in unfair competition.

81. As a direct and foreseeable result of Defendant's conduct, Plaintiff has been injured and has suffered damages in an amount to be determined at trial, but in no event less than $1,000,000, plus punitive damages in the amount of $3,000,000.

### FIFTH CLAIM FOR RELIEF
### Unjust Enrichment

82. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

83. Defendant has unfairly and unlawfully used Plaintiff's Trademark for Defendant's own enrichment. Defendant traded on Plaintiff's good name and good will, and it did so knowing that it had no right to the Splurge® Trademark.

84. If Defendant is permitted to continue to exercise claims of ownership over Plaintiff's Trademark or to interfere with Plaintiff's lawful claims of ownership over its trademark, Defendant will be unjustly enriched at Plaintiff's expense.

85. As a direct and foreseeable result of Defendant's conduct, Plaintiff has been injured and has suffered damages in an amount to be determined at trial, but in no event less than $1,000,000, plus punitive damages in the amount of $3,000,000.

### SIXTH CLAIM FOR RELIEF
### Tortious Interference with Prospective Economic Advantage

86. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

87. With knowledge of Plaintiff's Trademarks and related information, and the existence of relationships between customers and the Plaintiff, Defendants have tortuously interfered with Plaintiff's prospective economic advantage.

88. The Defendant has wrongfully used the Plaintiff's trademarks, reputation, and goodwill to unfairly compete, to interfere with the Plaintiff's relationships with its customers and consumers, and to deprive the Plaintiff of sales and business that would have been available to it.

89. These acts were committed with the intent to injure and Plaintiff's current and future business expectancies with customers and consumers.

**WHEREFORE,** Plaintiff prays for judgment against the Defendant as follows:

I. That Defendant, its officers, agents, servants, employees, attorneys, privies, subsidiaries, division, successors and assigns, and all persons and organizations in active concert, participation or combination with any of the foregoing be permanently enjoined from and/or Ordered to:

1. Using the Splurge® Trademark or any colorable imitation thereof, including the term "Splurge," whether separately or in combination with other terms, or any other mark, the use of which is likely to cause confusion, or to cause mistake, or to deceive;

2. Using, in connection with the offering for sale or sale of any services and/or products, any false designation, description or representation stating or implying that Plaintiff is the origin of, has authorized, or is connected with such services or goods;

3. Take all steps necessary to remove Plaintiff's Splurge® Trademark, or any other name, mark or symbol likely to cause confusion with Plaintiff, from any packaging, signage, advertisements, internet listings and/or advertisements, buildings or real estate, or any other materials printed or to be printed or distributed (including internet distribution); and

II. That Plaintiff obtains and/or recovers:

1. An accounting and restitution of any profits the Defendant has gained through the use of the Plaintiff's Splurge® Trademark, pursuant to 15 U.S.C. § 1117;

14

2. All compensatory damages pled and proved in an amount to be determined at trial, but in no event less than $1,000,000 pursuant to 15 U.S.C. § 1117;

3. Attorneys' fees and costs in the suit herein;

4. Damages for willful infringement pursuant to Title 15 U.S.C. § 1117 plus punitive damages in the amount of $3,000,000;

5. An order granting immediate, temporary, preliminary, and permanent injunctive relief necessary to prevent Defendant's continued violation of Plaintiff's Splurge® Trademark, and to prevent the irreparable harm that would flow to Plaintiff from such interference; and

6. Such other and further relief as this Court may seem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all claims for relief alleged herein on which Plaintiff has a right to trial by jury.

THE INGBER LAW FIRM

Dated: April 15, 2013
Millburn, New Jersey

By: Mark J. Ingber, Esq.
374 Millburn Avenue, Suite 301
Millburn, New Jersey 07041
Tel: (973) 921-0080
Ingber.law@verizon.net
Attorneys for Plaintiff

## L.CIV.R. 11.2 CERTIFICATION

The matter in controversy is not the subject of any other action pending in any other Court, or any pending arbitration or administrative proceeding.

Mark J. Ingber, Esq.

16