Mark J. Ingber, Esq.
THE INGBER LAW FIRM
374 Millburn Avenue, Suite 301
Millburn, New Jersey 07041
Tel: (973) 921-0080; ingber.law@verizon.net
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| SPLURGE® BAKERY AND CAFÉ LLC | : | Civil Action No.: 13-02419(WKM)(MF) |
| Plaintiff, | : | **CONSENT JUDGMENT AND PERMANENT INJUNCTION** |
| vs. | : | |
| SPLURGE CAFÉ LIMITED LIABILITY COMPANY, | : | |
| Defendant. | : | |

Plaintiff Splurge® Bakery and Café LLC ("Splurge®" or "Plaintiff"), filed its complaint against Defendant, Splurge Café LLC on April 16, 2013. In the Complaint, Plaintiff asserts causes of action including: trademark infringement, misrepresentation, false designation of origin, false advertising, unfair competition, unjust enrichment, and tortious interference with prospective business advantage against Defendant Splurge Café LLC ("Defendant"). These causes of action arise from Defendant's engagement in an embryonic business, identically named Splurge Café, and an alleged attempt by Defendant to give the impression of an association between Plaintiff and Defendant's fledgling retail business, thereby trading on Plaintiff's trademarks, including its registered trademark SPLURGE®, reputation, and goodwill. Specifically, Plaintiff alleges that the Defendant has willfully engaged in trademark infringement in a blatant attempt to confuse the consuming public despite being warned of Plaintiff's existence. Defendant was properly served with the Summons and Complaint on April 17,

1

2013.

Defendant now stipulates and consents to this Consent Judgment and Permanent Injunction, to its prompt entry by the Court, and to each and every provision, order, and decree herein.

NOW THEREFORE, upon consent of the parties hereto, IT IS ORDERED, ADJUDGED, AND DECREED:

1. Plaintiff Splurge® Bakery & Café LLC is a company organized under the laws of New Jersey, with a business address at 105 Main Street, Millburn, NJ 07041.

2. Defendant Splurge Café LLC is a company organized under the laws of New Jersey, with a business address at 251 Irvington Avenue, South Orange, NJ 07079.

3. The Court has personal jurisdiction over Defendant based upon the fact that Defendant conducts business in New Jersey. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), § 1338 (trademark and unfair competition), and § 1367 (supplemental jurisdiction).

4. Since December 1, 2006, Splurge® has continually offered baked goods, drinks and coffee products, including cakes, cupcakes, brownies, biscotti, cookies, scones, coffee, hot and iced tea, ice blended drinks, hot chocolate, and numerous juices and other pre-bottled beverages under its trademark SPLURGE®.

5. By virtue of the long, continuous and exclusive use by Plaintiff, the Splurge® Mark has become associated with the high quality goods and services provided by Plaintiff and has come to be associated in the minds of consumers as Plaintiff's trademarks, i.e. it has taken on a secondary meaning in the minds of consumers.

6. As a result of Plaintiff's long and continuous use and promotion of the

Splurge® Mark, and by virtue of its high quality food and service standards, Plaintiff has been able to rise as a leader in its market and carve out a significant niche, particularly in the Northern New Jersey bakery and café business, and throughout New Jersey and the United States. Plaintiff's branded goods and services have enjoyed increasing sales on an annual basis and established a strong and valuable reputation in the industry and with consumers. The Splurge® Mark is a distinctive, valid, and protectable trademark of Splurge®.

7. Plaintiff is owner of the Mark Splurge® for use in connection with Bakery goods; Brownies; Cakes; Chocolate; Cookies (collectively "Goods and Services) and of all of the goodwill associated therewith.

8. Plaintiff is the exclusive owner of all rights, title, and interest to the following United State trademark (hereinafter the "Splurge® Trademark"):

   a. SPLURGE, U.S. Reg. No. 3,400,757 in International Class 30 for Bakery goods; Brownies; Cakes; Chocolate; Cookies; Reg. Date: March 25, 2008; First Use in Commerce: December 1, 2006.

9. The aforesaid Registration has achieved incontestable status by the United States Patent and Trademark Office (USPTO) as having been exclusively and continuously used by Plaintiff for more than five years and registered for more than five years.

10. On March 25, 2013, Plaintiff filed its Section 15 Declaration of Incontestability with the USPTO.

11. On April 4, 2013, the USPTO acknowledged and approved Plaintiff's Section 15 Declaration of Incontestability of the Splurge® Trademark Registration.

12. Plaintiff has been the subject of numerous articles in the local press, including the Millburn-Short Hills Patch and The Alternative Press.

13. The Splurge® Mark is a distinctive, valid, and protectable trademark of Plaintiff.

14. Defendant sells a number of products that directly compete with Plaintiff's goods, including cakes and other baked goods, prepackaged juices and other beverages, and various coffee drinks under the Splurge Mark.

15. Defendant's Splurge Café Mark, and its Splurge trade name are confusingly similar to the Plaintiff's Splurge® Bakery and Café.

16. Defendant uses, or intends to use, the Splurge Mark on goods and services in interstate commerce that are identical, or at least highly related, to Plaintiff's goods and services.

17. Defendant's promotion and sales of its goods and services under the Splurge Café Mark are directed to consumers of Plaintiff's goods and services and are conducted through the same channels of trade as are used by Plaintiff to promote and sell its bakery goods and related services.

18. Defendant's use of the Splurge Mark and Defendant's marketing tactics which have utilized images and references to Plaintiff's Splurge® Bakery & Café are likely to cause confusion, deception and/or mistake in the marketplace, the relevant industry, and all channels of trade for Plaintiff's goods and related services.

19. Defendant's use of the Splurge Mark on and in connection with its goods and services and Defendant's marketing tactics which have utilized images and references to Splurge Café are likely to cause confusion, to cause mistake, or to deceive customers and potential customers as to the source of Defendant's goods and services, as to an affiliation or connection between Plaintiff's Splurge® Bakery & Café and Defendant's goods and

4

services, as to an affiliation or connection between Plaintiff's and Defendant's goods and services, or as to Plaintiff's approval, endorsement, or sponsorship of Defendant's goods and services.

20. Based on Plaintiff's superior trademark rights in the Splurge® Mark, Defendant's use of the Splurge Mark on its goods and services is likely to cause consumers to believe that Plaintiff is the source of Defendant's goods and services or that Defendant's goods and services are sponsored by, affiliated with, or otherwise approved or endorsed by Plaintiff.

21. Defendant's use of the Splurge Mark, which incorporates the dominant element comprising the Plaintiff's Mark, is likely to cause confusion, to cause mistake, or to deceive as to the source of the goods and services by Defendant, or as to affiliation, connection, association, sponsorship, or approval of such goods and services.

22. Defendant's use of the Splurge Mark, which incorporates the dominant elements comprising Plaintiff's Mark, is likely to cause the public to believe that the goods and services Defendant is offering originate from Plaintiff or are associated with Plaintiff.

23. Defendant's use of the Splurge Mark on and in connection with its goods and services is likely to dilute the distinctive quality of Plaintiff's Trademark.

24. Defendant's use of the Splurge Mark on and in connection with its goods and services is likely to injure the business reputation of Plaintiff.

IT IS FURTHER AGREED AND ORDERED THAT:

25. Defendant, together with all of its members, officers, agents, servants, employees, representatives, attorneys and assigns, and all other persons, firms, or companies in active

concert or participation with it are permanently enjoined and restrained from directly or indirectly:

    a. Using Plaintiff's Splurge® Mark or any confusingly similar marks in any way or using any word, words, phrases, symbols, logos, or any combination of words or symbol that would create a likelihood of confusion, mistake, or deception therewith, including, without limitation, Plaintiff's Splurge® Mark, in connection with or in the marketing, offering, selling, disposing of, licensing, leasing, transferring, displaying, advertising, reproducing, developing, or manufacturing of goods and/or services in commerce. Plaintiff specifically demands all references to the Plaintiff's Splurge® Mark be forever removed and deleted from Defendant's Facebook page within five (5) business days;

    b. Maintaining any materials in its possession or under its control that contain infringements of, or things likely to cause confusion with, the Splurge® Mark;

    c. Unfairly competing with Splurge® in any manner whatsoever;

    d. Doing any other act likely to induce the mistaken belief that Defendant or its goods or services or commercial activities are in any way affiliated, connected, or associated with Plaintiff or its goods or services;

    e. Causing likelihood of confusion, injury to Plaintiff's business reputation, or dilution of the distinctiveness of Plaintiff's Splurge® Mark, symbols, labels, or forms of advertisement;

    f. Committing trademark infringement, trade dress infringement, trademark dilution, false advertising, false designation of origin, false descriptions, unfair

competition, and/or interference with prospective economic advantage and/or any other act or making any other statement that infringes or dilutes Plaintiff's Splurge® Trademark or constitutes an act of infringement, dilution, unfair competition, untrue and misleading advertising, and/or interference with prospective economic advantage, under federal law and/or the laws of the state of New Jersey; and

      g.    Assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in the above paragraphs (a) through (f).

IT IS FURTHER AGREED AND ORDERED THAT:

26.    Defendant, within five (5) business days hereof, change its company name with the State of New Jersey to a name which does not include Plaintiff's Splurge® Mark.

27.    Defendant shall, within (5) business days hereof, change all awnings, signs, advertising and/or marketing materials, menus, labels, and any other item presently bearing its Splurge Mark to reflect the establishment's new name.

28.    In the event Defendant breaches any term of this Consent Judgment and Permanent Injunction, or otherwise infringes or dilutes Plaintiff's Splurge® Trademark or trade dress rights, Plaintiff shall be entitled to injunctive relief, damages, and profits, and Defendant shall pay Plaintiff's attorneys' fees and costs incurred as a result of such infringement, dilution, and/or breach, including investigative costs incurred in the discovery of such infringement, dilution, and/or breach.

29.    Defendant agrees that the federal or state courts in New Jersey shall have personal jurisdiction over Defendant in any dispute involving this Consent Judgment and Permanent Injunction and any future violation of Plaintiff's trademark or trade dress rights.

30. The Permanent Injunction shall remain in full force and effect until modified by Order of this Court.

31. The parties shall bear their own fees and costs for this action.

IT IS SO ORDERED.

Dated: April 29th, 2013

_____
Hon. William J. Martini

## CONSENT TO ENTRY

The parties hereby consent to the terms and conditions of this Consent Judgment and Permanent Injunction as set forth herein and consent to entry thereof:

Dated: April 26, 2013

SPLURGE® BAKERY & CAFÉ LLC.

By: _____
Name: Stephen Winer
Title: Vice President

Dated: April 26, 2013

THE INGBER LAW FIRM
By: s/Mark J. Ingber, Esq
Counsel for Plaintiff
SPLURGE® BAKERY & CAFÉ LLC.

Dated: April 26, 2013

SPLURGE CAFÉ LLC
By: Mitchell Burgess
Name: Mitchell Burgess
Title: Owner

Dated: April 26, 2013

NORMAN E. LEHRER, P.C.

By: _____
Norman E. Lehrer, Esquire
Attorneys for Defendant
SPLURGE CAFÉ LLC

9